UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM FELDMAN,

                      Plaintiff,

   - against -

SANDERS LEGAL GROUP, JOHN DOE 1-10,
and XYZ, Inc 1-10, ten names being fictitious
and unknown to the plaintiffs, the persons
or parties intended being the persons or parties,
if any,

                      Defendants.

**OPINION AND ORDER**

11 Civ. 0494 (ER)

Appearances:

Joshua N. Bleichman
Joshua N. Bleichman, Esq.
Spring Valley, New York
*Attorney for Plaintiff*

Tracy Martinelli Henry
The Anderson Law Group, P.A.
Clearwater, Florida
*Attorney for Defendant*

Ramos, D.J.:

      Plaintiff, Chaim Feldman, commenced this action against Defendants Sanders Legal Group ("Defendant" or "SLG"), John Doe 1-10 and XYZ Inc [sic] 1-10 ("Defendants"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA" or the "Act") and Section 349 of the New York General Business Law, and state law claims for intentional infliction of emotional distress, invasion of privacy and defamation. Doc. 1 ("Compl.") ¶¶ 15-42. Before the Court is SLG's Motion for Summary Judgment seeking

dismissal of Plaintiff's Complaint in its entirety pursuant to Fed. R. Civ. P. 56.  Doc. 18.  For the reasons set forth below, Defendant's Motion is GRANTED in full.

### I. Background

Plaintiff alleges that Defendants violated numerous provisions of sections 1692b, 1692c, 1692d and 1692e of the FDCPA,[1] through telephone communications with Plaintiff and third parties regarding an alleged debt in which SLG, *inter alia*, made threatening, harassing and/or abusive statements, used false representations in an attempt to collect the alleged debt, refused to respond to Plaintiff's inquiries about the nature of the alleged debt and the identity of the creditor, and disregarded Plaintiff's requests that Defendant stop contacting Plaintiff via telephone repeatedly and at unusual hours.  Compl. ¶¶ 5-10, 12, 14, 16-24.  Plaintiff asserts that Defendant "is a debt collector, pursuant to the FDCPA."  *Id.* ¶ 4.

Defendant argues that it is entitled to summary judgment on Plaintiff's FDCPA claim because, *inter alia*, there is no evidence in the record demonstrating that it is a debt collector or that it undertook any of the telephone communications alleged in the Complaint.

#### A. Factual Background

The following facts are undisputed.[2]  Defendant is a Florida corporation that enters into contracts with other companies ("Contracting Companies") for the purpose of processing credit

---

[1] The Complaint asserts a single cause of action against Defendants for violating the FDCPA, but alleges that Defendants violated nine separate provisions of the Act.  Compl. ¶¶ 15-24.  Specifically, Plaintiff asserts violations of 15 U.S.C. §§ 1692b(2), 1692b(3), 1692c(a)(1), 1692c(a)(3), 1692c(b), 1692d(1), 1692d(2), 1692d(5) and 1692e(10).  *Id.*

[2] To assist the Court in its determination as to whether there exist any genuine issues of material fact, Local Rule 56.1 requires a party moving for summary judgment to submit a statement of the material facts that it contends are not genuinely in dispute, Local R. 56.1(a), and requires the opposing party to submit a statement specifically responding to the assertion of each purported undisputed fact by the movant.  Local R. 56.1(b); *see also Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.").  Each of the parties' respective statements of material fact must be

card payments from consumers at the request of the Contracting Companies. Def.'s Stmt. Material Facts ("Def.'s 56.1 Stmt.") ¶¶ 1-3, Doc. 19.³ The Contracting Companies provide Defendant with the credit card information for consumers who are legally obligated to pay the Contracting Companies, along with a credit card authorization form for each consumer. *Id.* ¶ 4. Defendant will not accept a transaction from a Contracting Company unless an authorization form has been signed, and the consumer confirms that the charge is authorized and that he agrees to make the payment. *Id.* ¶ 5. SLG has no involvement in any debt collection activities

---

supported by a citation to admissible evidence in the record. Local R. 56.1(d); *see also* Fed. R. Civ. P. 56(c)(1)(A) (requiring reliance on admissible evidence in the record in supporting or controverting a purported material fact). Statements of material fact set forth by the moving party will be deemed admitted for purposes of the motion "unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." Local Rule 56.1(c).

Here, Defendant properly filed and served a Statement of Material Facts ("Defendant's 56.1 Statement") in support of its motion. Doc. 19. Plaintiff, however, did not respond to *any* of the statements set forth by Defendant. Pl.'s Rule 56 Stmt. ("Pl.'s 56.1 Stmt."), Doc. 23. Instead, Plaintiff filed a "Rule 56 Statement" asserting four purportedly undisputed facts that are not supported by *any* citations to *any* evidence in the record. Pl.'s 56.1 Stmt. ¶¶ 1-4; *see also* Def.'s Rule 56.1 Stmt. ("Def.'s Reply 56.1 Stmt.") ¶¶ 2-3, Doc. 28. Accordingly, all of the statements in Defendant's Rule 56.1 Statement that are supported by admissible evidence in the record have been deemed admitted for purposes of this motion. Local R. 56.1(c); *see also T.Y. v. N.Y. City Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible."). Additionally, the two statements in Plaintiff's 56.1 Statement that are not disputed by Defendant are deemed admitted for purposes of this motion, *see* Pl.'s 56.1 Stmt. ¶¶ 1, 4; Def.'s Reply 56.1 Stmt. ¶¶ 1, 4; however, the balance of Plaintiff's statements, which are *directly contradicted* by the evidence in the record, have been disregarded. Pl.'s 56.1 Stmt. ¶¶ 2, 3; *see, e.g.*, *Holtz*, 258 F.3d at 74 (explaining that "[w]here, as here, the record does not support the assertions in a Local Rule 56.1 statement, those assertions should be disregarded . . . .").

Relatedly, the Court has evaluated Plaintiff's unsupported and general assertion that none of Defendant's exhibits were produced during discovery, Opp. Mot. Summ. J. ("Bleichman Aff."), Doc. 21, 1, and has found the objection entirely baseless with respect to all but one of Defendant's exhibits. *See* Def.'s Mem. Ex. C, Doc. 18-3; Def.'s 56.1 Stmt. Ex. B, Doc. 19-2. Because the document filed as Exhibit C to Defendant's Memorandum of Law and Exhibit B to Defendant's Rule 56.1 Statement, which is neither authenticated nor executed, was not produced during discovery, it has not been considered by the Court. *See Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309-10 (2d Cir. 2008). The Court also has not considered either of Plaintiff's exhibits, because they contain inadmissible hearsay, are not relevant to Plaintiff's claims, and have never been properly filed with the Court. *Id.*; *see* Docs. 20-4, 20-5, 25, 26, 30-1, 30-2.

³ The undisputed material facts set forth in paragraphs 1-19 of Defendant's 56.1 Statement are supported by citations to the Affidavit of Keith Sanders. Def.'s 56.1 Stmt. Ex. A, Doc. 19-1.

undertaken by the Contracting Companies. *Id.* ¶¶ 5, 7. It is undisputed that SLG is not licensed to do business as a debt collector in either Florida or New York. Def.'s Mot. Summ. J. ("Def.'s Mem.") Ex. B, at 5 ¶¶ 1-2, Doc. 18-2.

SLG entered into a contract with Global Debt Collections, a third party company that is not a party to this action. Pl.'s 56.1 Stmt. ¶ 1. On August 16, 2010, Defendant processed a credit card payment from Plaintiff in the amount of $1, 245.99, which was confirmed on August 17, 2010. Def.'s 56.1 Stmt. ¶ 20 (citing Def.'s 56.1 Stmt. Ex. C). Defendant mailed confirmation of the payment and a copy of the transaction receipt to Plaintiff. *Id.* ¶ 21 (citing Def.'s 56.1 Stmt. Ex. D); Pl.'s 56.1 Stmt. ¶ 4. The confirmation sent by Defendant is the only communication between Plaintiff and Defendant in the record. Def.'s 56.1 Stmt. Ex. D.

In the Complaint, Plaintiff alleges that SLG made a number of telephone calls to Plaintiff and third parties in violation of the FDCPA. Compl. ¶¶ 5-10, 12, 14, 16-24. Defendant explicitly denies making any such calls and there is no evidence of any such calls in the record. Def.'s 56.1 Stmt. ¶¶ 8-14; Def.'s Mem. 3, 5. Further, throughout the course of these proceedings, Defendant has consistently denied that it is a debt collector. *See, e.g.*, Ans. ¶ 4, Doc. 9; Def.'s Mem. Ex. B, at 5 ¶¶ 1-2; Def.'s 56.1 Stmt. Ex. A ¶ 19. Defendant has also specifically denied attempting to collect a debt from Plaintiff, reporting the debt to credit reporting agencies, owning or purchasing the original debt, having the original copy of the assignment of the debt, having the account statement between the original owner of the debt and Plaintiff, and having the documents necessary to verify the debt. Def.'s Mem. Ex. B, at 5 ¶¶ 4-6, 8-10; Def.'s 56.1 Stmt. ¶¶ 17, 19.

**II. Legal Standard Governing Motions for Summary Judgment**

Summary judgment is only appropriate where the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, [and] other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), 56(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky,* 559 F.3d 133, 137 (2d Cir. 2009)). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Osberg v. Foot Locker, Inc.*, --- F. Supp. 2d ----, 2012 WL 6062542, at *4 (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)).

The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005). "When the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009) (citing *Celotex Corp.*, 477 U.S. at 322-23); *see also* Fed. R. Civ. P. 56(c)(1)(B). The burden then shifts to the non-moving party to come forward with admissible evidence sufficient to support each essential element of the claim, and "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (internal quotation marks omitted); *see also Cordiano*, 575 F.3d at 204.

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.,* 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.,* 368 F.3d 123, 126 (2d Cir. 2004)).  However, in opposing a motion for summary judgment, the non-moving party may not rely on unsupported assertions, conjecture or surmise.  *Goenaga v. March of Dimes Birth Defects Found.*, 51 F.3d 14, 18 (2d Cir. 1995).  A motion for summary judgment cannot be defeated on the basis of conclusory assertions, mere denials or unsupported alternative explanations of facts.  *Major League Baseball Props., Inc.*, 542 F.3d at 310 (collecting cases); *see also Senno*, 812 F. Supp. 2d at 467 (citing *Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir. 1998)).  The non-moving party must do more than show that there is "'some metaphysical doubt as to the material facts,'" *McClellan v. Smith,* 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986)), it "must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F. Supp. 2d at 467-68 (citing *Anderson*, 477 U.S. at 256-57).

"Summary judgment is properly granted when the non-moving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" *Abramson v. Pataki,* 278 F.3d 93, 101 (2d Cir. 2002) (quoting *Celotex Corp.,* 477 U.S. at 322).  In that situation, there can be no "genuine dispute as to any material fact," since a failure of proof on an essential element of the non-moving party's case "necessarily renders all other facts immaterial." *Celotex Corp.*, 477 U.S. at 322-23.

**III. Plaintiff's FDCPA Claim**

  **A. Legal Standard**

Congress enacted the FDCPA in 1977 in order to "eliminate abusive debt collection practices by debt collectors, [and] to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged . . . ." 15 U.S.C. § 1692(e). The FDCPA "grants a private right of action to a consumer who receives a communication that violates the Act." *Jacobson v. Healthcare Fin. Servs. Inc.*, 516 F.3d 85, 91 (2d Cir. 2008) (citing 15 U.S.C. § 1692k). However, a defendant can only be held liable for violating the FDCPA if he is a "debt collector" within the meaning of the Act. *Daros v. Chase Manhattan Bank*, 19 F. App'x 26, 27 (2d Cir. 2001); *see also Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 134 (2d Cir. 2010) (same); 15 U.S.C. §§ 1692b, 1692c, 1692d, 1692e (addressing activities of "debt collectors"). Subject to certain exceptions not applicable here, the FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6); *see also Goldstein v. Hutton, Ingram, Yuzek, Gainen, Carroll & Bertolotti*, 374 F.3d 56, 60-63 (2d Cir. 2004) (interpreting the statutory definition).

The plaintiff in an FDCPA action bears the burden of proving that the defendant is a "debt collector" within the meaning of the Act. *Goldstein*, 374 F.3d at 60. Thus, in responding to Defendant's motion for summary judgment, Plaintiff was required to come forward with evidence sufficient to support a determination that Defendant is a "debt collector" as defined by the FDCPA. *Id.* at 60-61.

**B. Discussion**

Defendant has submitted admissible evidence in the form of an affidavit from Keith Sanders, the President of SLG, to support its position that Defendant is not a debt collector. Def.'s 56.1 Stmt. Ex. A; *see also* Def.'s Mem. Ex. B, at 5 ¶¶ 1-2.  In further support of its motion, Defendant has pointed to the complete absence of evidence in the record demonstrating that SLG:  is a "debt collector" as defined in the Act, engaged in any debt collection activities, or initiated any telephone communications with Plaintiff or third parties.  Def.'s Mem. 3-5; Def.'s Reply to Pl.'s Response Mot. Summ. J. ("Def.'s Reply Mem.") 4-7, Doc. 27.

In responding to Defendant's motion, Plaintiff argues that a jury should be allowed to determine whether Defendant is a debt collector.  Pl.'s Mem. Law Opp. Mot. Summ. J. ("Pl.'s Mem.") 1-2, Doc. 22.  However, Plaintiff does not offer *any* evidence to rebut Defendant's testimony that SLG is merely a credit card processing company.  Nor does he offer any evidence of his own to otherwise demonstrate that Defendant is a "business the principal purpose of which is the collection of any debts," or that Defendant "regularly collects or attempts to collect" debts owed or allegedly owed to another.[4]  15 U.S.C. § 1692a(6).  In other words, there are no facts in the record from which a reasonable jury could conclude that SLG is a "debt collector."  Thus, the question of whether Defendant is a "debt collector" is one that can be resolved by the Court. *See, e.g.*, *Mazzei v. Money Store*, 349 F. Supp. 2d 651, 661 (S.D.N.Y. 2004) (granting summary judgment on FDCPA claim because defendant was not a debt collector as a matter of law); *see*

---

[4] In his affirmation, Plaintiff's counsel asserts that Plaintiff's FDCPA claim "is supported by the tape transcript of the collection agency hired by [SLG] to collect a debt from Plaintiff," Bleichman Aff. 3; however, there is no tape transcript in the record (or in Plaintiff's exhibits), nor is there any evidence to support the claim—which is improperly asserted for the first time in Plaintiff's opposition papers—that SLG hired a debt collection agency to collect a debt from Plaintiff.

*also Burns v. Bank of Am.*, 655 F. Supp. 2d 240, 254 (S.D.N.Y. 2008) (same), *aff'd*, 360 F. App'x 255 (2d Cir. 2010).

Plaintiff's failure to offer any evidence to support this essential element of his claim is reason enough to grant Defendant's Motion for Summary Judgment on his FDCPA claim.[5]  *See Goldstein*, 374 F.3d at 60-61; *see also, e.g.*, *Grossinger v. Canetti & Troodler, LLP*, No. 06 Civ. 4437 (HB), 2009 WL 2337348, at *2-3 (S.D.N.Y. July 29, 2009) (granting summary judgment on FDCPA claim where plaintiff failed to establish defendant's debt collector status).  Indeed without *some* factual support behind Plaintiff's conclusory assertion that Defendant "is a debt collector, pursuant to the FDCPA," Compl. ¶ 4, Plaintiff's FDCPA claim could have been properly dismissed under Rule 12(b)(6).  *See, e.g.*, *Williams v. Citibank, N.A.*, 565 F. Supp. 2d 523, 530-31 (S.D.N.Y. 2008); *see also Sanchez v. Abderrahman*, No. 10 Civ. 3641 (CBA), 2012 WL 1077842, at *4-5 (E.D.N.Y. Mar. 20, 2012) (collecting cases).

Therefore, because Plaintiff has not offered any evidence showing that Defendant is a "debt collector" within the meaning of the Act, Plaintiff's FDCPA claim is DISMISSED.

## IV. Plaintiff's State Law Claims

Defendant has also moved for summary judgment on Plaintiff's state law claims.  Where, as here, all federal law claims are eliminated before trial, the "traditional 'values of judicial

---

[5] Plaintiff's only other arguments in opposition to Defendant's motion are based on facts and theories that are not in the Complaint and which directly contradict the allegations in the Complaint.  *See* Pl.'s Mem. 2, 4-6.  Accordingly, the Court has not considered those arguments in analyzing the instant motion.  *See, e.g.*, *Scott v. City of New York Dep't of Corr.*, 641 F. Supp. 2d 211, 229 (S.D.N.Y. 2009) (explaining that facts and theories raised for the first time in opposition papers should not be considered in resolving a summary judgment motion), *aff'd*, 445 F. App'x 389 (2d Cir. 2011) ; *see also Tomlins v. Vill. of Wappinger Falls Zoning Bd. of Appeals,* 812 F. Supp. 2d 357, 363 n.9 (S.D.N.Y. 2011) (declining to consider facts raised for the first time in opposition papers, "as they do not form the basis for Plaintiff's claims, and the complaint may not be amended simply by raising new facts in opposition to Defendants' motion.").  The Court notes, however, that consideration of Plaintiff's other arguments would not have altered the disposition of the instant motion.

economy, convenience, fairness, and comity'" weigh in favor of declining to exercise supplemental jurisdiction over any remaining state law claims. *Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). Having dismissed Plaintiff's sole federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. 28 U.S.C. § 1367(c)(3).

Therefore, Plaintiff's intentional infliction of emotional distress, invasion of privacy, defamation and N.Y. Gen. Bus. Law § 349 claims are DISMISSED without prejudice.

**V. Remaining Defendants**

Neither party addresses Plaintiff's claims against the "John Doe" and "XYZ, Inc" Defendants in connection with SLG's Motion for Summary Judgment. Plaintiff has never sought to amend the Complaint to identify these defendants, nor has he suggested that anything prevented him from naming these defendants or otherwise amending his complaint in a timely fashion. Moreover, prior to the filing of the instant motion and after the close of discovery, Plaintiff was given leave to conduct additional discovery regarding the involvement of third parties in the incidents alleged in the Complaint, but failed to do so. *See* Def.'s Mem. 3. The Court thus concludes that Plaintiff has abandoned his claims against the John Doe and XYZ, Inc Defendants. *See Southerland v. City of New York*, 680 F.3d 127, 139 n.12 (2d Cir.), *reh'g en banc denied*, 681 F.3d 122 (2d Cir. 2012).[6]

Accordingly, Plaintiff's claims against the John Doe and XYZ, Inc Defendants are DISMISSED.

---

[6] Even if Plaintiff now sought to identify the John Doe and XYZ, Inc Defendants, any FDCPA claims against them would be time-barred. *Southerland*, 680 F.3d at 139 n.12; *see also* 15 U.S.C. § 1692k(d) (providing that private actions for violations of the FDCPA must be brought "within one year from the date on which the violation occurs").

## VI. Conclusion

For the reasons set forth above, Plaintiff's FDCPA claim against Sanders Legal Group is DISMISSED, Plaintiff's state law claims against Sanders Legal Group are DISMISSED without prejudice and Plaintiff's claims against the John Doe and XYZ, Inc Defendants are DISMISSED.

The Clerk of the Court is respectfully directed to terminate this motion, Doc. 18, and to close this case.

It is SO ORDERED.

Dated: December 19, 2012
White Plains, New York

Edgardo Ramos, U.S.D.J.